No. 53,413

Bar Docket No. 7047

STATE OF KANSAS, *Petitioner,* v. CARL A. FLEMING, *Respondent.*

(634 P.2d 444)

This original proceeding in discipline was filed against Carl A. Fleming, an attorney duly admitted to practice law in the State of Kansas. A complaint filed with the Disciplinary Administrator by Richard Barber and Jean M. Barber, husband and wife, was duly heard and considered by a panel of the Board for Discipline of Attorneys. The panel found that the respondent, Carl A. Fleming, had been guilty of violations of the Code of Professional Responsibility in his handling of a legal matter for Mr. and Mrs. Barber and recommended the respondent be disciplined by public censure by this court. The respondent filed no exceptions to the report of the disciplinary panel and therefore is deemed to have concurred in the findings and conclusions of the panel.

Mr. and Mrs. Barber retained the respondent to represent them in an action against the City of Anthony concerning certain assessments against real property of the Barbers for a sewer to be installed in the area. The Barbers sought to avoid any assessment for the sewer project, asserting their property would not be benefited thereby. The respondent filed suit against the City and thereafter concluded his chances of obtaining the results desired by his clients was limited. Therefore, respondent entered into a settlement agreement with the City whereby the City would pay the Barbers $500.00 and the case would be dismissed with prejudice. The respondent had a theory that he could later attack any attempt to collect the sewer assessment based upon the settlement and dismissal of the original action. Respondent failed to inform his clients of the proposed settlement and upon inquiry about how the case was going, failed to advise his clients that the case had been settled and the lawsuit dismissed. Several months later the Barbers discovered the case had been dismissed and subsequently filed a complaint against the respondent. Other allegations against the respondent were found to be without merit by the disciplinary panel.

The disciplinary panel found, inter alia, that:

"It is the unanimous finding of the panel that there is clear and convincing evidence that the respondent neglected a legal matter entrusted to him as set forth in DR 6-101(3) in that the respondent,

"(1) Failed to consult with and advise the Barbers of his intended actions and reasons therefor in dismissing their lawsuit.

"(2) Failed to follow through on behalf of his clients with any plan to enjoin the City of Anthony, Kansas from spreading sewer assessments against the Barbers' property.

"It is the unanimous finding of the panel that there is clear and convincing evidence that the respondent violated DR 2-110(2) in that the respondent withdrew from further representation of the Barbers without taking any reasonable steps to avoid possible prejudice to the rights of the Barbers."

The foregoing facts and the findings of the panel have been accepted by the respondent and are not controverted or contested.

Having carefully considered the record herein, we find that the respondent has violated the Code of Professional Responsibility as determined by the hearing panel of the Board of Discipline for Attorneys and that the recommendation of such panel that Carl A. Fleming be disciplined by public censure should be accepted and approved by the court.

IT IS THEREFORE BY THE COURT ORDERED that Carl A. Fleming be and he is hereby disciplined by this court by public censure and he is hereby ordered to forthwith pay the costs of this proceeding.

IT IS FURTHER ORDERED that this Order of Public Censure be published in the official Kansas Reports.

BY ORDER OF THE COURT this 6th day of October, 1981.